## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BRANCH, | : | CIVIL ACTION NO. 1:20-CV-2448 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
| PREA ALLEGATIONS, BUREAU OF | : | |
| TREATMENT SERVICES, and | : | |
| MEDICAL DEPARTMENT, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Keith Branch, a prisoner presently confined at the State Correctional Institution at Benner Township, in Benner Township, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act. (Doc. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* and a motion for the appointment of counsel, which the court will address separately. Plaintiff names as defendants in the caption the Department of Corrections, PREA Allegations, and Bureau of Treatment Services, and in the body of the complaint the Department of Corrections and the Medical Department. (Doc. 1 at 2). An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint with leave to amend granted.

## I.      Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## II.     Allegations in the Complaint

Plaintiff is presently incarcerated at SCI Benner Township.  (Doc. 1 at 2). He names as defendants on the first page of his complaint the Department of

---

[1] Section 1915(e)(2) of title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Corrections, PREA Allegations, and Bureau of Treatment Services.  (<u>Id.</u> at 1).  On the second page of the complaint, he names as defendants the DOC and the Medical Department.  (<u>Id.</u> at 2).  Plaintiff alleges that since he was confined at SCI Graterford, at sick call he has complained of various ailments including that at times he could not walk.  (<u>Id.</u> at 4).  He sometimes walks with a cane and has requested a certain test, but that the medical health department has refused.  (<u>Id.</u>)  The complaint does not specify the precise medical condition at issue, although he later alleges that he has diabetes for which he needs medication.  (<u>Id.</u>)  Plaintiff also alleges that at some point he was treated at Mount Nittany Hospital and lost his left foot.  (<u>Id.</u>)  He appears to claim that his purported lack of medical treatment is the result of his lifestyle as a gay man.

To be sure, plaintiff's complaint is largely nonsensical, consisting of abbreviated phrases and incomplete sentences.  For example, Plaintiff identifies a male nurse, Director Jeff Boland-Campbell, and Nurse Magen, however, the factual basis for his claims against them is unclear.  The complaint states: "There was other PA license male nurse laugh no one says enough.  Never once statement stopped; file grievance coordinator rejection still appeal upheld final appeal – they're not disciplinary sanction officials officer and staff member.  Since [illegible] Director Jeff Boland-Campbell another member PA license Nurse Magen never assistance any [illegible] procedure rules proved purpose issue of suit relief.  The PA Dep't of Medical Health Care follow same person stealing having [illegible] medication: same PA Nurse stealing an taken some [illegible] felt infirmary 7/5/2019."  (<u>Id.</u> at 5).

Plaintiff appears to allege that he filed PREA reports at SCI Forest in October 2017, and that false PREA reports were filed against him at SCI Forrest in 2012. (Id. at 8). Plaintiff alleges that he is a z-code inmate with certain restrictions. (Id.) Plaintiff references an annual review to be conducted related to the PREA allegations, which appears to be a yearly review of his z-code status. Ostensibly, Plaintiff seeks a change in his custody status level. (Id. at 10, 12, 13). As to his annual custody status review, plaintiff identifies "Chief Secretary Office, Chief Mental Health, Chief Superintendent [illegible] Grievance Coordinator, PA Dep't of Corrections," who presumably are on the custody status review board. (Id.)

**III.   Discussion**

Plaintiff has brought his constitutional claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).

Plaintiff's Eighth Amendment medical claim requires that he allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).   Plaintiff does not appear to be stating an Eighth Amendment medical claim regarding the loss of his foot, but he may be alleging inadequate post-surgery treatment of the wound.   To the extent he raises such a claim, he has not properly asserted it against any defendant.   First, the DOC, Medical Department, and the Bureau of Treatment Services are not proper defendants in a § 1983 action.   See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Foye v. Wexford Health Sources, Inc.</u>, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (holding that state prison and Pennsylvania Department of Corrections were not "persons" subject to suit under § 1983).

In addition, "[a] defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" <u>Baraka v. McGreevey</u>, 481 F.3d 187, 210 (3d Cir. 2007).   See <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005); <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Although plaintiff references a PA nurse, a male nurse, Director Jeff Boland-Campbell, Nurse Magen, and Psychologist Murry, he does not explain how each was personally involved in the medical care he did or did not receive.   Hence, plaintiff's Eighth Amendment medical claim is deficient.

Plaintiff's claim regarding allegedly false PREA allegations is untimely.   The statute of limitations for an action brought pursuant to § 1983 in Pennsylvania is two years.   See <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009).   When a cause of action accrues and thus the statute of limitations starts to run "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" <u>Kach</u>,

589 F.3d at 634 (quoted cases omitted).  Here, according to plaintiff's PREA allegations, the relevant events occurred in 2012, 2013, and 2017.  Obviously, plaintiff would have known of the injury to himself when he was charged with the sexual assault and found responsible.  This claim is thus untimely.  Plaintiff also appears to be challenging his annual custody reviews.  A prisoner may properly challenge his custody status and classification in an action brought pursuant to § 1983.  See Kemp v. McFarland, 149 F. App'x 91, 93 (3d Cir. 2005) (nonprecedential).   To the extent applicable, plaintiff's claims regarding his past two custody reviews would be timely, and those claims may be cognizable.

## IV.   Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotation marks omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Because plaintiff may be able to remedy his pleading defects in an amended complaint, the court will permit plaintiff to file an amended complaint.  In any amended complaint filed by plaintiff, he should write legibly and clarify what his claims are, against whom he

seeks to assert his claims, how those individuals were involved in his claims, and when and where those claims occurred.

V.      **Conclusion**

Based on the foregoing, the court finds that plaintiff has failed to state a claim upon which relief may be granted except as to his custody classification claim.  The court will provide plaintiff with an opportunity in which to file an amended complaint regarding his deficient claims.

An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:        April 27, 2021