# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH BRANCH,** : | CIVIL ACTION NO. 1:20-CV-2448 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **DEPARTMENT OF CORRECTIONS, PREA ALLEGATIONS, BUREAU OF TREATMENT SERVICES, and MEDICAL DEPARTMENT,** : | |
| **Defendants** : | |

## **MEMORANDUM**

Plaintiff Keith Branch, a prisoner presently confined at the State Correctional Institution at Benner Township, in Benner Township, Pennsylvania, has filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging a First Amendment access to the courts claim and an Eighth Amendment medical claim.[1] (Doc. 28). The court previously dismissed plaintiff's complaint because some claims were barred by the statute of limitations, the named defendants were not proper defendants in an action pursuant to § 1983, and the other individuals referenced in the complaint lacked any personal involvement in the claims alleged. (See Docs. 23, 24). The court has screened the amended complaint, and for the following reasons, the court will dismiss the amended complaint with leave to amend.

---

[1] Plaintiff has also filed motions for leave to proceed *in forma pauperis*, which the court will grant. (Docs. 5, 10, 13).

**I.      Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2)[2]; 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**II.     Allegations in the Amended Complaint**

Plaintiff is presently incarcerated at SCI Benner Township. (Doc. 1 at 2). He does not specifically name any defendants in his amended complaint; however, a

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

Dr. Kevin Kollman and a Dr. Jones are referenced in the factual allegations. (See Doc. 28). He also references a "PA nurse" and "PA doctor." (See id.)

Like his original complaint, the majority of the allegations of the amended complaint remain nonsensical and many words are illegible. Plaintiff does not write in complete sentences and his word structure makes the intent of his allegations often impossible to discern. For example, in August 2013, plaintiff saw "PA doctor" for a chronic care appointment and to update his medical heath. At that appointment, plaintiff alleges "example believe calories built PA doctor statement medical record does show any calories - gangrene, cancer, diabetic - patient none about statement – once again believe diagnosis are calorie status." (Id. at 3). The allegations apparently describe each medical appointment that plaintiff had at his various places of incarceration between May 2010 and August 2019, but rarely identify the name of the person with whom plaintiff interacted.

During this time, plaintiff sought to receive a certain test in order to have his unspecified medical condition diagnosed and treated. (See id. at 2, 5). Plaintiff was either refused the test or told that no such test exists. (See id.) Plaintiff's condition worsened during this time, with his foot and leg getting larger, which made walking extremely difficult. (Id. at 6). Plaintiff received an x-ray of his leg, and also ace bandages and a cane to assist with his walking. (Id. at 7).

Plaintiff also details more recent interactions with the medical staff. For example, in January 2019, plaintiff saw "PA nurse" for sick call because he was unable to sleep and had pain and suffering. (Id. at 7). The nurse prescribed an unknown medication to plaintiff, who was to take "three a day." (Id.) In February

3

2019, plaintiff again saw the nurse at sick call and reiterated the same complaint, which had worsened. (Id.) He then saw Dr. Kevin Kollman who prescribed plaintiff an unknown medication and directed him to soak his feet. (Id.) On February 28, 2019, plaintiff met with Dr. Kollman again and it appears they discussed "outside medical center disease vein/vascular surgery." (Id.) On March 7, 2019, plaintiff had an appointment for "cat test" from which he received the diagnosis he initially sought. (Id.) It is not clear what the diagnosis is as plaintiff states "perfect proof fact diagnose calories." (Id.) On March 28, 2019, plaintiff had a wound care appointment at Mount Nittany Medical Center. (Id.)

On May 24, 2019, plaintiff had vascular surgery for a diseased vein and "blood block." (Id.) Then, on May 29, 2019, plaintiff had orthopedic surgery to remove his left foot. (Id. at 7, 8). Dr. Jones performed one of the surgeries, although it is not clear which one. (See id.)

On June 24, 2019, plaintiff went to the Mount Nittany Medical Center and either stayed there for or was prescribed six weeks of treatment. (Id. at 8). On July 5, 2019, however, he alleges that he was given the wrong antibiotic medication for four months and was admitted to the infirmary. (Id. at 11). He then had wound care sometime in August at Mount Nittany Medical Center. (Id.)

The amended complaint appears to allege that plaintiff has been incorrectly diagnosed and erroneously treated for diabetes, yet he suffers from another unspecified medical condition. Plaintiff apparently alleges that as a result of the lack of diagnosis and treatment, he has lost his foot and now needs to wear a prosthesis—"special shoe, boot . . . ." (Id. at 8). Plaintiff avers that he would not

4

accept any diabetic treatment or medication because he is not diabetic, and that he never received the test that he needed to be correctly diagnosed until March 17, 2019. (Id. at 9). Plaintiff alleges that he knew what was wrong with him, but that the medical staff would not believe him or listen to him. (See id. 8-9.)

Attached to the amended complaint are 207 pages of exhibits which generally document plaintiff's attempts to exhaust his claims. (Docs. 28-1, 28-2, 28-3).

## III. Discussion

Plaintiff has brought his constitutional claims pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).

We perceive an attempt on the part of plaintiff to assert an Eighth Amendment claim for deliberate indifference to serious medical needs. Estelle

5

v. Gamble, 429 U.S. 97, 106 (1976). Eighth Amendment claims, however, must be timely. The statute of limitations for an action brought pursuant to § 1983 in Pennsylvania is two years. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues and thus the statute of limitations starts to run "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (citations omitted).

According to our interpretation of plaintiff's stream of consciousness allegations, he knew for quite some time that he was not receiving the correct diagnosis or treatment for his medical condition. Any claims for medical deliberate indifference that occurred before December 10, 2018, *i.e.*, two years before this action was initiated, are time barred. At this procedural juncture, it is unclear whether the statute of limitations would reach claims based upon conduct or events occurring after December 10, 2018.

Turning now to plaintiff's timely allegations, "[i]n order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Estelle, 429 U.S. at 106. "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d

6

754, 762 (3d Cir. 1979); Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996). Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment. Id.

Plaintiff alleges that the PA nurse met with him in January 2019 about his pain and prescribed him medication, and that when he complained of the issue worsening in 2019, plaintiff saw Dr. Kollman. Plaintiff alleges that Dr. Kollman prescribed him medication in February 2019 and directed him to soak his feet, and discussed vascular surgery with him on February 28, 2019. As to Dr. Jones, plaintiff alleges that he performed surgery on him. At no point did the unidentified PA nurse, Dr. Kollman, or Dr. Jones refuse to provide plaintiff with treatment, delay necessary treatment based on non-medical reasons, or prevent him from receiving treatment.

Plaintiff abruptly alleges that he received the wrong medication in July 2019; however, he fails to allege who caused the prescription error. Even if plaintiff had identified the person responsible, plaintiff does not allege that he was intentionally provided with the wrong medication or that it was done with deliberate indifference. At best, such allegations would plead a claim of malpractice or negligence, which is insufficient to support an Eighth Amendment constitutional violation. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990) (citing Estelle, 429 U.S. at 106).

## IV. Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotation marks omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

The court previously granted plaintiff leave to file an amended complaint, explaining that in any amended complaint, plaintiff "should write legibly and clarify what his claims are, against whom he seeks to assert his claims, how those individuals were involved in his claims, and when and where those claims occurred." Plaintiff has not complied with this directive. Specifically, plaintiff has not provided clear allegations of the nature of his Eighth Amendment claims, against whom he seeks to assert these claims, and, in many instances, fails to identify the persons involved in the conduct of which he complains. As written, the amended complaint is a rambling series of abbreviated notes, and it is largely unintelligible. It fails to name the defendant parties, fails to state the nature of his claim against each defendant, and fails to set forth in clearly worded factual allegations the basis for his claims. In short, it utterly fails to state a claim upon

which relief may be granted. Because plaintiff is proceeding *pro se*, the court will provide him a final opportunity to amend his claims.

## V. Conclusion

Based on the foregoing, the court finds that plaintiff has failed to state a claim upon which relief may be granted. In deference to his *pro se* status, the court will provide plaintiff with a final opportunity in which to file an amended complaint regarding his deficient claims.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: June 30, 2021